IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
CURTIS ROBINSON,                   :
                                   :
            Petitioner             :
                                   :   CIVIL NO. 3:CV-04-1793
        vs.                        :
                                   :   (Judge Caldwell)
UNITED STATES DEPARTMENT OF        :
JUSTICE, and UNITED STATES         :
PAROLE COMMISSION,                 :
            Respondents.           :
```

*M E M O R A N D U M*

In August 1995, Curtis Robinson was convicted under District of Columbia law for assault with a dangerous weapon (a gun), and assault on a police officer. He was sentenced to nine years on the first offense and three years on the latter, to be served consecutively.

Robinson is confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, and filed this petition under 28 U.S.C. § 2241 claiming the following against the United States Parole Commission. First, the Commission treated his parole hearing (presumably his latest one, held on May 13, 2003) as an initial one rather than as a reconsideration hearing, which resulted in the wrong set of parole guidelines being applied to Petitioner. Second, the Commission penalized him twice for the same conduct, thereby

violating his due-process rights and a liberty interest in parole.  As relief, he requests that the court either order the Commission to hold another hearing under the guidelines that apply to Petitioner or order his release on parole.

We will deny the petition.  We agree with Respondents that while the Commission has amended the guidelines it uses for D.C. offenders since Petitioner's first hearing (held August 13, 200, 1998) there was nothing improper in its use of the current guidelines at his latest parole hearing.  *See* 28 C.F.R. 2.80 (2004).  In short, the mere fact that the guidelines now lead to a presumptive parole date rather than a "setoff" of some months until another parole hearing is held to consider whether a defendant should be paroled is legally insignificant.

We also reject the liberty and due-process claims because Petitioner does not specify what conduct was penalized twice, *see Dye v. United States Parole Comm'n*, 558 F.2d 1376, 1379 (10th Cir. 1977), and because D.C. offenders have no liberty interest in parole.  *Ellis v. District of Columbia*, 84 F.3d 1413, 1415 (D.C. Cir. 1996).

We will issue an appropriate order.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge

Date: May 11, 2005

-2-

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CURTIS ROBINSON,                      :
                                      :
            Petitioner                :
                                      :   CIVIL NO. 3:CV-04-1793
      vs.                             :
                                      :   (Judge Caldwell)
UNITED STATES DEPARTMENT OF           :
JUSTICE, and UNITED STATES            :
PAROLE COMMISSION,                    :
            Respondents.              :

*O R D E R*

AND NOW, this 11th day of May, 2005, it is ordered that:

    1. The petition (doc. 1) under 28 U.S.C. § 2241 is denied.

    2. The Clerk of Court shall close this file.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge